# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAN ONISCHUK,

    Plaintiff,

    v.                                                       Case No. 05-C-0704

JOHNSON CONTROLS, INC., and
FOLEY & LARDNER LAW FIRM,

    Defendants.

## ORDER

On July 6, 2005, the plaintiff, Dan Onischuk, filed a pro se complaint, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. This court granted the petitioner's "Motion to Amend Statement of Claims" on November 17, 2005. That same date, the plaintiff filed a motion seeking this court's permission to electronically file his submissions. The plaintiff asserts that permission to electronically file his submissions will "alleviate significant problems caused by international mail delays." (Plaintiff's "Notice of Motion –Electronic Filing Permission"). At this time, the electronic case filing procedures in this district do not permit parties proceeding pro se to file documents electronically. See Electronic Case Filing Policies and Procedures Manual for Civil Cases at 4. Therefore, the plaintiff's motion to electronically file will be denied.

The plaintiff also filed a motion to amend claims. By his motion, the plaintiff seeks to add a claim pursuant to 28 U.S.C. § 1981. The plaintiff's motion to amend claims is denied as moot. The court previously granted the plaintiff's "Motion to Amend Statement of Claims." Pursuant to the order entered by the court, the plaintiff has until December 16, 2005, to file an amended complaint setting forth all of his claims.

On November 29, 2005, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. Civil Local Rule 56.1 (E.D. Wis.) requires that the specific notice set forth in the rule be given to pro se parties when certain motions are filed. Although primarily directed at motions for summary judgment, the procedure set forth in the rule "also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) . . . where matters outside the pleadings are presented to the Court." Civil L.R. 56.1(b). In this case, the defendants filed affidavits in support of their motion. Thus, the defendants must comply with Civil L.R. 56.1. It provides, in relevant part:

>    (a)    If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
>
>    (1)    The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
>
>    (2)    In addition to the foregoing statement, the text to Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1 and Civil L.R. 7.1 must be part of the motion.

The purpose of Civil L.R. 56.1 is to ensure that pro se litigants are aware of the requirements for responding to summary judgment motions and are apprised of the consequences for failure to do so. In this case, the defendants failed to comply with the requirements of Civil L.R. 56.1. Accordingly, this court has little choice but to deny the defendants' motion to dismiss or, in the alternative, motion for summary judgment, without prejudice.

To proceed with their motion, the defendants must provide the notice to the plaintiff as required by Civil L.R. 56.1. The defendants need not refile their briefs and supporting

affidavits and other documents filed in support of their motion. Rather, they can merely reference those submissions in their amended motion to dismiss or, in the alternative, motion for summary judgment. However, if they so choose, the defendants may submit amended briefs and their other submissions in support of their motion. In such case, the motion for summary judgment and supporting documents must be filed on or before December 30, 2005. The parties should follow Civil Local Rule 7.1 (E.D. Wis.) with respect to briefing of the motion.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for permission to file documents electronically be and hereby is **denied.** (Docket #35).

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend his claims be and hereby is **denied** as moot. (Docket # 36).

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss or, in the alternative, motion for summary judgment be and hereby is **denied** without prejudice. (Docket #41).

**FINALLY, IT IS ORDERED** that, if the defendants decide to re-file their motion, they must do so by **December 30, 2005**, and provide the requisite notice to the plaintiff set as forth in Civil L. R. 56.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2005

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge