# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAN ONISCHUK,

    Plaintiff,     Case No. 05-C-704

  v.

JOHNSON CONTROLS, INC. and
FOLEY & LARDNER LLP,

    Defendants.

## OPINION AND ORDER

    Plaintiff Dan Onischuk has commenced an action against Defendants Johnson Controls, Inc. and Foley & Lardner LLP. He claims that a settlement agreement with Defendant Johnson Controls was invalid and that the Defendants are liable to him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et. seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 626 *et. seq.*. He is also asserting state law causes of action. Having reviewed the record the court finds that all of the claims arise out of the disputed settlement agreement and that the Circuit Court for Milwaukee County has entered a judgment in a previous case brought by Onischuk. The judge in that case ruled that the settlement agreement was valid and found for Johnson Controls. Onischuk filed an appeal which is now before the Wisconsin Court of Appeals.

    Under these circumstances the Rooker-Feldman doctrine precludes federal court jurisdiction over claims arising from the settlement agreement in state court. The Seventh Circuit has explained that:

The Rooker-Feldman doctrine derives its name from two decisions of the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Simply put, the Rooker-Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments ⋯ [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Brokaw, 305 F.3d at 664. Therefore, if a claim is barred by the Rooker-Feldman doctrine, the federal court lacks subject matter jurisdiction over the case.

In applying the Rooker-Feldman doctrine, the immediate inquiry is whether the "federal plaintiff seeks to set aside a state court judgment or whether [she] is, in fact, presenting an independent claim." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir.1996). Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. However, federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to Rooker-Feldman if those claims are "inextricably intertwined" with a state court judgment. See Brokaw, 305 F.3d at 664. While "inextricably intertwined" is a somewhat metaphysical concept, the "crucial point is whether 'the district court is in essence being called upon to review the state-court decision.' " Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (quoting Feldman, 460 U.S. at 483-84 n. 16, 103 S.Ct. 1303). The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. See Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir.1999).

Taylor v. Federal National Mortgage Association, 374 F.3d 529, 532-33 (7th Cir. 2004).

In this case, Onischuk's federal and state claims are inextricably intertwined with the state court's judgment. This court would have to overturn the state

2

court judgment in order to rule in favor of the Plaintiff. And, even though the state trial court judgment is on appeal, it is final for purposes of the Rooker-Feldman doctrine. See generally Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513 (D.C. Cir. 1996).

There is nothing in the record to suggest that the Plaintiff did not have a reasonable opportunity to raise his federal claims in state court and there is no general procedural bar to a Plaintiff asserting discrimination claims in Wisconsin courts. Although only Johnson Controls was a Defendant in the state court action, privity among Defendants is not required for purposes of the Rooker-Feldman doctrine. See ITT Corporation v. Intelnet International Corporation, 366 F.3d 205, 216 n.19 (3d Cir. 2004). Therefore, the court concludes that the Plaintiff's claims against each of the Defendants are barred by the Rooker-Feldman doctrine and ORDERS that this action is dismissed for lack of subject matter jurisdiction. See Federal Rule of Civil Procedure 12(h).

Because this action is being dismissed for lack of jurisdiction, IT IS FURTHER ORDERED that the following motions are denied:

1. the Plaintiff's "Motion for Summary Judgment" (filed December 9, 2005);

2. the Defendants' "Amended Motion to Dismiss or, in The Alternative, Motion for Summary Judgment" (filed December 12, 2005);

3. the Plaintiff's "Motion for Default Judgment" (filed December 12, 2005);

4. the Plaintiff's "Motion for Default Judgment" (filed December 15, 2005);

3

5.   the Plaintiff's "Motion for More Time to Amend Claims" (filed December 27, 2005);

6.  the Plaintiff's "Motion for More time to Respond" (filed December 27, 2005);

7.   the Plaintiff's "Motion for More Time to Clarify Claims" (filed December 27, 2005);

8.   the Plaintiff's "Motion to Amend Jurisdiction Statements" (filed January 6, 2006);

9.   the Plaintiff's "Motion to Admit Audio Evidence From State Court Proceedings" (filed January 6, 2006);

10.  the Plaintiff's "Motion for Tolling and Enlargement of Time for Response to Defendant's Motion(s) to Dismiss and/or Summary Judgment" (filed January 9, 2006);

11.   the Plaintiff's "Motion to Rescind-Void-Cancel Plaintiff Motion for Summary Judgment or, Alternatively, to Grant Plaintiff More time to Amend Motion(s) for Summary Judgment and to Proceed per FRCP56(d)" (filed January 9, 2006);

12.  the Plaintiff's "Motion for Extension of Time" (filed January 9, 2006).

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document.  See Federal Rule of Civil Procedure 58.  This judgment shall provide that:

Plaintiff Dan Onischuk brought this action against Defendants Johnson Controls, Inc. and Foley & Lardner LLP before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the court having concluded

4

that it does not have subject matter jurisdiction over the claims raised,

IT IS ORDERED AND ADJUDGED

that this action is dismissed with prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 13th day of January, 2006.


s/ Thomas J. Curran
Thomas J. Curran
United States District Judge