# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAN ONISCHUK,**
        **Plaintiff,**

    v.                                                                                               **Case No. 05C00704**

**JOHNSON CONTROLS,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff Dan Onischuk makes a variety of motions relating to a January 13, 2006 decision of Judge Curran dismissing his suit for lack of jurisdiction. Judge Curran described plaintiff's action as follows:

> Plaintiff Dan Onischuk has commenced an action against Defendants Johnson Controls, Inc. and Foley & Lardner LLP. He claims that a settlement agreement with Defendant Johnson Controls was invalid and that the Defendants are liable to him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et. seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 626 et. seq.. He is also asserting state law causes of action. Having reviewed the record the court finds that all of the claims arise out of the disputed settlement agreement and that the Circuit Court for Milwaukee County has entered a judgment in a previous case brought by Onischuk. The judge in that case ruled that the settlement agreement was valid and found for Johnson Controls. Onischuk filed an appeal which is now before the Wisconsin Court of Appeals.

Judge Curran determined that he lacked jurisdiction of the case under the Rooker-Feldman doctrine. Plaintiff appealed Judge Curran's decision, but the Seventh Circuit dismissed the appeal because plaintiff failed to pay the docketing fee. In his motion, plaintiff, among other things, asks me to review judgments and orders entered by the Seventh Circuit.

I will treat plaintiff's submissions as a motion for relief from judgment under Rule 60(b). Under such rule, the decision whether to grant relief is discretionary. Fuhrman v. Livaditis, 611 F.2d 203, 204 (7th Cir. 1979). I will deny plaintiff's motions for several reasons. First, they were was not made within a reasonable time. See Rule 60(b). Plaintiff waited until after he appealed, and his appeal was dismissed. Second, plaintiff does not make clear what the grounds for his motion are or attempt to explain why his motion has merit. Third, I have no authority to review decisions of the Seventh Circuit. Fourth, the issue plaintiff seeks to present was decided by a state court. Even if Judge Curran mistakenly applied the Rooker-Feldman doctrine, plaintiff's claims would be barred by the doctrine of claim preclusion. Fifth, plaintiff has inundated this court with filings, many of which are borderline incoherent, has used up considerable amounts of judicial time and should not be encouraged to continue along this path, particularly in connection with an action which appears to be entirely meritless.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motions are **DENIED.**

Dated at Milwaukee, Wisconsin, this 13 day of August, 2007

/s_____
LYNN ADELMAN
District Judge